IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) | CASE NO.: |
| Plaintiff, | ) ) ) | JUDGE: |
| v. | ) ) ) | |
| LOCAL 1104, UNITED STEELWORKERS OF AMERICA, 2501 Broadway Lorain, OH 44052 | ) ) ) ) ) ) | COMPLAINT |
| Defendant. | ) | |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (hereinafter the "Act"), for a judgment declaring that the April 3, 2012, election of union officers conducted by Local 1104-S, United Steelworkers of America (hereinafter "Defendant") for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard, is void; directing Defendant to conduct a new election for these offices under Plaintiff's supervision; and for other appropriate relief.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Lorain, Ohio, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(I), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(I), 402(j) and 481(b).

7.  Defendant, purporting to act pursuant to its Bylaws and the Constitution of its parent body, the International Steelworkers of America (hereinafter, "International"), conducted an election of officers on April 3, 2012.  Said election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

8.  By letter dated April 4, 2012, sent to the Defendant's Election Committee, Dennis Hamilton, a member in good standing of the Defendant, protested the election.

9.  On April 4, 2012, the Defendant's membership denied the protest.

10. By letter dated April 5, 2012,  Mr. Hamilton appealed the decision of the Defendant to the International Secretary-Treasure.

11. Accompanying a letter to Mr. Hamilton dated May 10, 2012,  International's Executive Board enclosed  the report of the International Commission, which recommended denial of Mr. Hamilton's appeal.

12. By letter dated May 25, 2012, to  the International Executive Board Appeal Panel, Mr. Hamilton objected to the findings in the  International Commission's report.

13.  By letter to Mr. Hamilton dated June 6, 2012, the International Executive Board Appeal Panel reported that it adopted the recommendation of the International Commission.

14.  Having exhausted his available remedies and having received a final decision in this respect, on July 5, 2012, Mr. Hamilton filed a complaint with the Secretary of Labor.  Said complaint was filed timely, within the one calendar month required under section 402(a) of the Act, 29 U.S.C. § 482(a).

15.  On September 17, 2012, by letter executed by Defendant's President, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to Defendant's election of April 3, 2012, was extended to on or before October 19, 2012.

16.  Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that:  (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's April 3, 2012, election; and (2) that such violations had not been remedied at the time of the institution of this action.

17.  The International Constitution requires that candidates for union office must have attended one third of their local union's regularly scheduled meetings during the twenty-four months prior to the acceptance of nominations for office.  Defendant's membership meetings are held once a month.

18.  The United Steelworkers International authorized its Local Unions to waive the meeting attendance requirement in the event that the application of the requirement could result in a large percentage of its membership being disqualified from seeking office.

19.  The practice of Defendant in its three most recent elections has been to take a vote at a membership meeting shortly before the nominations were opened in an effort to determine

whether it would apply the meeting attendance requirement for the upcoming election. Defendant waived the requirement for its 2006 and 2009 elections.

20.  At Defendant's March 7, 2012, regularly scheduled meeting, the members present voted in favor of applying the meeting attendance requirement to its 2012 elections. Nominations were held immediately following this vote.

21.  As a result of Defendant's decision to apply the meeting attendance requirement, over 95% of the union members were ineligible to run for elected office.

## CAUSE OF ACTION

22.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying members in good standing the right to be nominated and run for office when Defendant enforced an unreasonable meeting attendance rule which disqualified over 95% of its membership.

23.  The violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard to be void;

(b)  directing the Defendant to conduct a new election, with new nominations, for those offices under the supervision of the Plaintiff;

-5-

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

                          Respectfully submitted,

                          Steven M. Dettelbach
                          United States Attorney

By: /s/ Kathleen L. Midian
     Kathleen L. Midian (0023277)
     Renée A. Bacchus (0063676)
     Assistant U.S. Attorneys
     801 West Superior Avenue, Suite 400
     Cleveland, Ohio 44113
     (216) 622-3748 (Midian)
     (216) 622-3707 (Bacchus)
     (216) 522-4982 Fax
     Kathleen.midian@usdoj.gov
     Renee.bacchus@usdoj.gov

OF COUNSEL:

M. Patricia Smith
Solicitor of Labor

Christopher B. Wilkinson
Associate Solicitor

Clinton Wolcott
Counsel for Labor-Management Program

Keir Bickerstaffe
Senior Attorney

U.S. Department of Labor