IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) | CASE NO.  1:12-CV-02619 |
| Plaintiff, | ) ) | Judge James S. Gwin |
| v. | ) ) | Magistrate Judge Greg White |
| LOCAL 1104, UNITED STEELWORKERS OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**STIPULATION OF SETTLEMENT AND ORDER**

Plaintiff, Seth D. Harris, Acting Secretary of Labor (the Secretary) [1], and Defendant, Local 1104, United Steelworkers of America (Local 1104), by and through their undersigned counsel, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the court so order:

1. This action was brought by the Secretary pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, et seq., (Act or LMRDA), for the purpose of voiding the results of the April 3, 2012 election of union officers for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard conducted by Local 1104 and requesting a new election under the supervision of the

---

[1] Pursuant to F.R.C.P. 25(d), Plaintiff substitutes the Acting Secretary of Labor, Seth Harris, who has been designated to fill the position held by Hilda L. Solis, who recently resigned from the position of Secretary.

Secretary of Labor.

2. In her complaint the Secretary contends that Local 1104 violated section 401 (e) of the LMRDA, 29 U.S.C. § 481(e), by enforcing an unreasonable meeting attendance rule that denied members in good standing the right to be nominated and run for office.

3. Local 1104 does not admit that it violated the aforementioned provision of the Act in its April 3, 2012 election and Local 1104 does not admit that any impropriety occurred regarding the conduct of its 2012 election.

4. The Parties, in settlement of this action and in order to avoid time consuming and costly litigation, hereby stipulate and agree that the Local 1104 will conduct, under the supervision of the Secretary of Labor, a new election for the offices of President, Trustee (3 positions), Inside Guard, and Outside Guard. The only Local 1104 members who will be eligible to run in the new election will be those members who were duly nominated for one of the above listed offices, timely accepted their nomination for one of the above-listed offices and were subsequently either: (i) elected to office or (ii) declared ineligible to run due to enforcement of Local 1104's meeting attendance rule. The parties further agree that such members may only seek election to one of the above-listed offices.

5. The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. 481, et seq.) and, insofar as lawful and practicable, in accordance with the Constitution of the United Steelworkers International Union ("USW"), the USW's Local Union Elections Manual, the Bylaws of Local 1104 and Local 1104's documented past practices in the conduct of its elections, except that the meeting attendance requirement challenged in this action shall be waived. (Collectively, the USW's Constitution and

Local Union Elections Manual and Local 1104's By-Laws and documented past practices in the conduct of its elections shall be referred to as the "Governing Documents".)

6. All decisions as to the interpretation or application of Title IV of the LMRDA, and the Governing Documents relating to the supervised election are to be determined by the Secretary and her decision shall be final, except subject to review in this court.

7. The Court shall retain jurisdiction of this action pursuant to Section 402(c)(3) of the Act, 29 U.S.C. 482(c)(3), and after completion of the supervised election plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Governing Documents.  Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve the remainder of the three-year term ending in April 2015.

8. Each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

Dated this ___ day of February, 2013.

_____
United States District Judge

SCHWARZWALD McNAIR & FUSCO LLP
/s/ Timothy Gallagher
Timothy Gallagher (0058401)
616 Penton Media Building
1300 East Ninth Street
Cleveland, OH  44114-1503
(216) 566-1600 (telephone)
(216) 566-1814 (facsimile)
tgallagher@smcnlaw.com (e-mail)

Attorneys for Local 1104

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY
Northern District of Ohio

/s/ Renée A. Bacchus
Renee A. Bacchus (0063676)
Assistant U.S. Attorneys
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
 (216-622-3707) (Bacchus)
(216) 522-4982 Fax
Renee.bacchus@usdoj.gov

Attorneys for Plaintiff Seth D. Harris, Acting Secretary of Labor, U.S. Department of Labor

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 8th, 2013, the foregoing Stipulation of Settlement and Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

s/ Renée A. Bacchus
Renee A. Bacchus
Assistant U.S. Attorney
